1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RANDALL, individual,<br><br>         Plaintiff,<br><br>    v.<br><br>UNUM GROUP, a Delaware corporation, and DOES 1-10, inclusive,<br><br>         Defendants.<br>_____<br><br>UNUM GROUP, a Delaware Corporation,<br><br>         Counter-Claimant,<br>    v.<br><br>MICHAEL RANDALL, an individual,<br><br>         Counter-Defendant.<br>_____ | Case No. Case No. CV 09-06768 R(Ex)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>Complaint Filed: September 17, 2009<br><br>Date: April 19, 2010<br>Time: 10:00 a.m.<br>Courtroom: 8 |

[PROPOSED] STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW
CASE NO. CV 09-06768 R(Ex)

After consideration of the papers in support of and in opposition to Defendant Unum Group's motion for summary judgment or, in the alternative, partial summary judgment, the oral argument of counsel, the evidentiary objections, the files and records herein, and all other matters presented to the Court, the Court determines that the following facts have been established as

## UNCONTROVERTED FACTS

1. Defendant, Unum Group, hired Plaintiff, Michael Randall, as an on-site physician, and Plaintiff's job duties included reviewing medical records of claimants who have disability insurance policies covered by Defendant and who have filed claims under the policies. Pl. Dep. 55:9-24, 68:4-70:17.

2. Plaintiff agreed in writing to "conform to the rules, regulations, policies, and procedures of the Company." Pl. Dep. 38:3-17; Ex. 1, 525:8-10.

3. Plaintiff signed a confidentiality policy of Defendant, and on more than one occasion, Plaintiff acknowledged that he received, complied with and understood his obligations under Defendant's "Code of Business Practices and Ethics" (the "Code"), which required, "Employees must maintain the confidentiality of confidential information entrusted to them by the Company or its customer." Pl. Dep. 81:23-82:10, Ex. 7, 49, 444:11-16, 442:6-15, 526:22-25; Pace Decl. ¶ 2, Ex. 5 pg 8; Fleury Decl. ¶ 4. Ex 49.

4. Defendant's "Confidentiality/Non-Disclosure Policy" provides that employees "may not make use of confidential information acquired in the exercise of their jobs to further personal interests or to the disadvantage of the Company." Defendant's "Handling Confidential Information" policy stipulates that confidential information is only to be sent through email "when it is absolutely necessary," and then only by "password protecting" the subject document. Defendant's "Outside Employment Policy" prohibits employees from outside employment that "constitutes a conflict of interest," including employment with a

1

[PROPOSED] STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW
CASE NO. CV 09-06768 R(Ex)

company that "supplies products or services to Unum." Outside employment where a possible conflict of interest existed was contingent on the employee "obtain[ing] written approval from his/her manager prior to accepting outside employment." Pace Decl. ¶ 2, Exs. 9, 14, 15.

5. Plaintiff had access to all of the above policies during his employment at Defendant. Pace Decl. ¶ 2.

6. In February 2008, Cheryl Greaney, Vice President Medical Operations & Consumerism, received a complaint from an employee that Plaintiff had acted in a hostile and threatening manner when dealing with a female physician at Defendant. Defendant's Director of Employee Relations, Dorthe Pace, conducted an investigation regarding the complaint. Pace Dep. 14:19-15:22; Greaney Dep. 18:6-19:1, 19:22-20:16.

7. Pace's investigation revealed that many of Plaintiff's fellow physicians and other colleagues felt that Plaintiff acted in an inappropriate, bullying, ranting and "out-of-control" manner during meetings and in private conversations, and was extremely disrespectful of their opinions and feelings. Pace Dep. 14:14-20, 19:23-24, Ex 65, 20:20-21:18, 23:24-24:11; Kanovsky Dep. 38:8-12.

8. Pace communicated the substance of these complaints to Plaintiff during a meeting between the two of them on February 25, 2008. Pl. Dep. 259:25-261:5; Pace Dep. 29:21-23, 31:24-32:3.

9. Plaintiff was warned about the reported complaints during his 2007 Performance Review, which stated, *inter alia*, that "Dr. Randall needs to tone down any outbursts that have been disruptive to peer and team interactions." Also, "in meetings with peers, his manner can be somewhat intense, and that can be off putting and bruise feelings." Also, that " [Plaintiff needs to] address his disruptive behavior and manage outbursts that appear confrontational." Pl. Dep. 272:20-273:5, Ex. 37.

10.  A second investigation ("Second Investigation") involved a claim ("the Disability Claim") to which Plaintiff was assigned.  The Second Investigation resulted from additional complaints to Defendant that Plaintiff was rude, argumentative, aggressive, shouted and made "in your face gestures" during meetings pertaining to the Disability Claim. Pace Dep. 55:21-56:7, Ex. 70.

11.  During the Second Investigation, it was reported to Pace that Plaintiff had disclosed portions of the confidential claim file at issue to individuals outside of Defendant.  Pace Dep. 55:21-56:7, Ex. 70, 62:13-63:11.

12.  Plaintiff admits that he spoke with the "girlfriend" of a friend regarding the Disability Claim; 2) that he read to her the questions posed to him in Disability Claim and his written response to the claims examiner's request for additional input; and 3) that he did so to discover what she "thought of" the tone of his response.   Pl. Dep. 283:4-284:18.

13.  Defendant issued Plaintiff a written Final Warning on June 6, 2008.  This warning addressed the multiple employee complaints raised against Plaintiff.  The Final Warning also addressed the importance of confidentiality, stating: "under no circumstances is it appropriate for you to discuss any information about a claim file, a claimant or any confidential Unum Policy or business Practice with anyone outside the Company."  Pl. Dep. 162:20-22; 281:17-282:3, Ex. 39; Greaney Dep. 40:6-14, 45:21-23.

14.  A subsequent investigation of Plaintiff's conduct began when Pace was informed that Plaintiff may have attempted to access Defendant's computer system from his home (and while he was on a leave of absence), raising concerns about the possibility that Plaintiff could be violating Defendant's confidentiality policies.  Aschoff Dep. 139:4-20; Pace Dep. 125:11-17, 125:22-127:4.

15.  Pace conducted a review of Plaintiff's email account which revealed that Plaintiff had sent Unum documents outside of Defendant's protected computer

3

[PROPOSED] STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW
CASE NO. CV 09-06768 R(Ex)

system on numerous occasions since receiving his Final Written Warning (the "Subject Emails").  Pace Dep. 133:18-134:13, 154:15-156:7.

16. Plaintiff acknowledges to sending the Subject Emails, some of which included claimant names, to an external yahoo email address that Plaintiff identified as his own.  Pl. Dep. 149:3-155:8, 160:21-25,165:10-166:3,17-18, 175:12-25, 176:1-19, 181:21-182:7, 186:15-189:20, 192:19-12, 193:13-23, 194:23-195:24, 198:19-199:16 Exhs. 20-23, 25-26, 28-29.

17. Plaintiff's Company laptop allowed him to access Company materials and email from home without having to send them to an unsecured computer or external email address.  Pl. Dep. 160:21-161:18.

18. Plaintiff sent the Subject Emails through email to his home computer, in part, "[i]n case I needed to defend myself" vis-à-vis Unum."  Pl. Dep. 165:21-166:22; 177:22-178:24; 244:14-245:13.

19. Based upon Defendant's good-faith belief that Plaintiff repeatedly violated Defendant's policy, including the numerous policies regarding confidentiality, Cheryl Greaney, Vice President of Medical Operations and Consumerism, made the decision to terminate Plaintiff's employment.  Greaney Dep. 100:4-22, 81:21-82:7.

20. Both Greaney and Pace witnessed the termination of several other Defendant employees for the improper dissemination of confidential Company information.  Greany Dep. 82:8-14, Pace Decl. ¶ 3.

21. Plaintiff acknowledges that, for years, he performed medical review work for at least one other company while employed by Defendant, that may have provided the same service to Defendant, during the same time period.  Plaintiff took no steps to confirm whether Defendant was utilizing the services of any of the outside companies he performed work for, or obtain approval to continue to perform work for these companies despite a possible conflict.  Defendant

4

previously terminated the employment of others for violating this policy and Defendant would have discharged Plaintiff had it discovered his misrepresentations while it still employed him. Pl. Dep. 117:5-15; 123:13-16, 128:23-130:11; Pace Decl. ¶4; Greaney Decl. ¶ 3.

22. Plaintiff commenced a leave of absence on July 8, 2008. Pl. Dep. 99:20-23, 561:14-20, 562:4-11, 556:15-17, 562:4-10, 597:1-4, 597:20-22.

23. Plaintiff requested a leave of absence and Defendant granted him this accommodation. Pl. Dep. 99:20-23, 561:14-20, 562:4-11, 556:15-17, 562:4-10, 597:1-4, 597:20-22.

24. Aside from asking for the leave, Plaintiff did not request nor did he require any other accommodation. Pl. Dep. 561:14-562:3, 584:20-585:1.

25. Plaintiff's only alleged "protected activity" in his complaint is that it was inappropriate for him to respond to the May 2008 Disability Claim inquiry from Defendant's claims examiner asking Plaintiff to answer questions regarding an Independent Medical Examiner who concluded that claimant could return to work with no restrictions and limitations. Plaintiff admitted that the IME's opinion left alone and unanswered by Plaintiff would have resulted in the claimant being denied disability benefits. Pl. Dep. Pl. Dep. 167:7-175, 231:4-12, 232:2-12, 235:24-236:5, 399:8-19, Ex. 32.

26. On July 24, 2008, over a month after Plaintiff was placed on Final Warning, Plaintiff sent an "appeal" of his Final Warning to Marie Clements, Defendant's EEO Officer. Plaintiff acknowledges that the memoranda to Clements was the very first time that he complained to anyone at Defendant regarding alleged discrimination based on any protected category. Pl. Dep. 303:1-17, 302:10-19, Ex 44.

27. In responding to Plaintiff's complaints, Clements conducted an extensive investigation wherein she conducted interviews of Plaintiff and over ten

5

1 employees. Clements found nothing to substantiate Plaintiff's claim of
2 discrimination. Clements Dep. 54:18-24 Pl. Dep. 311:3-312:2, Ex. 47.

3     28. Plaintiff entered into three stock option agreements. The stock option
4 agreements define willful misconduct as the unauthorized disclosure of any
5 confidential, proprietary or trade secret information or materials of the
6 Corporation; or the material violation of any Corporation policy or policies. Each
7 agreement also states that unexercised options will be forfeited if the employee
8 engages in willful misconduct. Pl. Dep. 606:16-608:2, Exhs. 87-89; See Rigsby
9 Decl. ¶ 2.

10     29. Plaintiff never exercised his stock options. Pl. Dep. 620:3-5.

11     30. Despite the termination occurring on September 29, 2008, Defendant
12 issued him a payroll check through September 30, 2008, an extra day. Pace Decl. ¶
13 5, Ex. 118.

14     31. The authority to make decisions that ultimately determine corporate
15 policy do not rest with Greaney, the individual who decided to terminate Plaintiff.
16 Declaration of Cheryl Greaney ¶ 2.

17     32. In his opposition papers, Plaintiff dismissed his claims for
18 discrimination based on gender/sex, discrimination based on national
19 origin/ancestry and discrimination based on race/color.

20     33. Plaintiff's opposition failed to oppose Defendant's arguments with
21 respect to retaliation premised on the FEHA only and failure to prevent
22 discrimination.

23

## CONCLUSIONS OF LAW

25     1. Plaintiff's first cause of action for discrimination based on gender/sex
26 fails as a matter of law because Plaintiff conceded that this claim should be
27 dismissed in his Opposition papers.

2. Plaintiff's second cause of action for discrimination based on national origin/ancestry fails as a matter of law because Plaintiff conceded that this claim should be dismissed in his Opposition papers.

3. Plaintiff's third cause of action for discrimination based on race/color fails as a matter of law because Plaintiff conceded that this claim should be dismissed in his Opposition papers.

4. Plaintiff's fourth cause of action for discrimination based on disability/perceived disability fails as a matter of law because he cannot set forth a *prima facie* case of discrimination as required by *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 355 (2000). Plaintiff failed to show that he was performing satisfactorily. *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201, 1208 (9th Cir. 2008); *Maduha v. Columbia/HCA Healthcare Corp.*, 2007 WL 184036, *1 (9th Cir. June 21, 2007); *Williams v. Holiday Inn*, 1997 WL 68561, *1 (N.D. Cal. Feb. 3, 1997); *Bermudez v. Office Max*, No. 2:05-cv-2245-GEB-DAD, 2007 WL 1299875, *2 (E.D. Cal. May 3, 2007); *Miner v. Bi-State Development Agency*, 943 F.2d 912, 913-14 (8th Cir. 1991).

5. Plaintiff's fourth cause of action for discrimination based on disability/perceived disability fails as a matter of law because Defendant terminated Plaintiff for legitimate non-discriminatory reasons: 1) Defendant's good-faith belief that Plaintiff violated Defendant's policy regarding confidential and proprietary information while on final warning for the same offense; and 2) Defendant's good-faith belief that Plaintiff repeatedly engaged in inappropriate conduct towards co-workers. *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 379 (2000); *Horn v. Cushman & Wakefield Western, Inc.*, 72 Cal. App. 4th 798, 806 (1999).

6. Plaintiff's fourth cause of action for discrimination based on disability/perceived disability fails as a matter of law because Plaintiff has failed to

7

[PROPOSED] STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW
CASE NO. CV 09-06768 R(Ex)

set forth evidence that Defendant's termination decision was a pretext for unlawful discrimination.  *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 379 (2000)

7.  Plaintiff's fourth cause of action for discrimination based on disability/perceived disability fails as a matter of law because after-acquired evidence shows that Plaintiff violated company policy by working for companies providing services for Defendant while still employed by Defendant.  *Murillo v. Rite Stuff Foods, Inc.*, 65 Cal. App. 4th 833, 850 (1998); *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 761-64 (9th Cir. 1996).

8.  Plaintiff's seventh claim for failure to prevent discrimination fails because there is no evidence that Plaintiff suffered any discrimination.  *See Trujillo v. North County Transit Dist.*, 63 Cal. App. 4th 280, 282, 289 (1998) (employee who has not been discriminated against cannot sue an employer for not preventing discrimination that didn't happen); *Williams v. Holiday Inn*, No. C-95-0832 MHP, 1997 WL 68561, at *8 (N.D. Cal. Feb. 3, 1997) ("failure to prevent discrimination" claim dismissed as mooted by failure of discrimination claim); *Saindon v. Federal Express Corp.*, 2003 WL 1872959, *7 (N.D. Cal. April 7, 2003) (to sustain a claim for failure to prevent harassment, plaintiff must have a cause of action for harassment against her employer).

9.  Plaintiff's fourth and fifth causes of action, for failure to provide reasonable accommodations and failure to engage in an interactive process, fail as a matter of law because Defendant provided the only accommodation requested or needed by Plaintiff.  *Hanson v. Lucky Stores, Inc.,* 74 Cal. App. 4th 215, 226 (1999); *Nunes v. Wal-Mart Stores, Inc.* 164 F.3d 1243, 1247 (9th Cir. 1999); *Williams v. Widnall*, 79 F.3d 1003, 1006 (10th Cir. 1996); *Jensen v. Wells Fargo Bank* 85 Cal. App. 4th 245, 263.

10.  Plaintiff's eighth cause of action for violation of the FMLA/CFRA fails because Plaintiff was terminated for a legitimate non-discriminatory reason.   It is

8

well settled that an employee on FMLA/CFRA leave has no greater rights than an active employee, and is therefore equally subject to termination for misconduct. *See* 29 U.S.C §2614(a)(3)(B); 29 CFR §825.216(a); *Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 977-981 (8th Cir. 2005); *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1354 (11th Cir. 2000); *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 547 (4th Cir. 2006); *Neisendorf v. Strauss*, 143 Cal. App. 4th 509, 520 (2006) (citing *Throneberry*).

11. Plaintiff's ninth cause of action for unlawful retaliation fails because there is no evidence that Plaintiff engaged in any protected activity. *Flait v. North American Watch Corporation*, 3 Cal. App. 4th 467, 476 (2nd Dist. 1992).

12. Plaintiff's ninth cause of action for unlawful retaliation fails because there is no causal nexus between any alleged protected activity and Plaintiff's termination. *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1258-59 (1994).

13. Plaintiff's tenth cause of action for wrongful termination in violation of public policy fails because there is no evidence that Plaintiff engaged in any protected activity. *Holmes v. General Dynamics*, 17 Cal. App. 4th 1418, 1425, 1432-33 (4th Dist. 1993).

14. Plaintiff's tenth cause of action for wrongful termination in violation of public policy fails because there is no causal nexus between any alleged protected activity and Plaintiff's termination. *Guthrey v. State of California*, 63 Cal. App. 4th 1108, 1125 (1998); *Ramos v. Roche Prods., Inc.*, 936 F.2d 43, 49 (1st Cir. 1991).

15. Plaintiff's eleventh and twelfth causes of action for unpaid wages fail as a matter of law because Plaintiff was paid all earned wages owed to him in a timely

///
///
///

1  manner.  *Schachter v. Citigroup, Inc.*, 47 Cal. 4th 610, 621-622 (2009); *Neisendorf
2  v. Levi Strauss & Co.*, 143 Cal. App. 4th 509, 521 (2006).  There is no evidence
3  that Plaintiff is entitled to any other wages.

6  DATED:  May 12, 2010    _____
7  　　　　　　　　　　　　　　　　THE HONORABLE MANUEL REAL
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE